# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | |
|---|---|
| LEONARDO GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-cv-00738-MHH-JHE |
| ) | |
| SCOTT HASSEL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On April 21, 2015, the magistrate judge entered a report in which he recommended that the Court dismiss without prejudice all claims, except the excessive force claims against defendants Pittman, Fileccia, Chowhan, and Purdy, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 13). The magistrate judge advised plaintiff Leonardo Gutierrez of his right to file specific, written objections to the report and recommendation within 14 days. (Doc. 13, pp. 8-9). On May 6, 2015, Mr. Gutierrez filed objections to the report and recommendation. (Doc. 15).

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C). The Court reviews de novo legal conclusions in a report and

reviews for clear error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In his objections, Mr. Gutierrez contends that Warden Hassell should be held responsible for the actions of the officers who Mr. Gutierrez alleges used excessive force because Warden Hassell is a supervisor who is "responsible for the day to day activities of the detainees." (Doc. 15, p. 2). Mr. Gutierrez states that he filed a grievance regarding the alleged excessive force, but Warden Hassell "failed to remedy a wrong after learning of it" through the grievance process. (*Id.*). Mr. Gutierrez seems to use this language because the magistrate judge used similar language in his report and recommendation regarding supervisory personnel's failure to "remedy a wrong after learning of it through report or appeal." (*See* Doc. 13, pp. 4-5) (citing *Williams v. Smith*, 781 F.2d 319, 323 (2nd Cir. 1986)). This rule, however, "applies only to situations where an alleged violation is ongoing, not situations involving a one-time violation." *Self v. LaValley*, 2102 WL 7810950, at *9 (N.D.N.Y. Dec. 27, 2012). "Therefore, a supervisor may be liable for [his] failure to remedy a violation only in those circumstances where the

violation is ongoing and the [supervisor] has the opportunity to stop the violation after being informed of it." *Id*. Because Mr. Gutierrez's claims involve a one-time incident of excessive force which Warden Hassell could not have prevented without advance warning, the rule that Mr. Gutierrez cites does not apply in this case. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."). Accordingly, the Court overrules Mr. Gutierrez's objection regarding Warden Hassell.

Mr. Gutierrez also objects to the magistrate judge's recommendation that the Court dismiss defendants Lund, Ingram, and Miller. Mr. Gutierrez identifies these defendants as "Field Office Directors and [the] Chief of the Immigration and Customs Enforcement Agency." (Doc. 15, p. 2). Mr. Gutierrez contends that these defendants failed to train the "deportation officers" who he alleges used excessive force. (*Id*.). He states that these defendants "are always aware of the need to train" their subordinates because of the "hundreds of complaints" that are submitted to the Office of the Inspector General and the Department of Homeland Security's Office for Civil Rights and Civil Liberties. (*Id*. at 3).

A supervisory official may be held liable under § 1983 for failure to train if "'his failure to train amounts to deliberate indifference to the rights of the persons

3

with whom the subordinates came in contact and the failure has actually caused the injury of which the plaintiff complains.'" *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994) (quoting *Popham v. City of Talladega*, 908 F.2d 1561, 1564-65 (11th Cir. 1990)). To establish deliberate indifference, Mr. Gutierrez must assert factual allegations which demonstrate that the defendants were "aware of the need to train or supervise [their subordinates] in a particular area." *Am. Fed. of Labor and Congress of Industrial Orgs. v. City of Miami, FL.*, 637 F.3d 1178, 1189 (11th Cir. 2011). Mr. Gutierrez "must also demonstrate that constitutional violations were likely to recur without training" and that the defendants "'made a deliberate choice'" not to train their subordinates despite an obvious need. *Id.* (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350-52 (11th Cir. 1998)).

Neither Mr. Gutierrez's complaint nor his objections to the report and recommendation contains sufficient factual allegations to meet the requirements outlined above. Therefore, the Court overrules Mr. Gutierrez's objections with respect to defendants Lund, Ingram, and Miller.

Having reviewed and considered the materials in the court file, including the report and recommendation and Mr. Gutierrez's objections, the Court adopts the magistrate judge's report and accepts his recommendation.

The Court **DISMISSES WITHOUT PREJUDICE** all of Mr. Gutierrez's claims, except the excessive force claims against defendants Pittman, Fileccia,

Chowhan, and Purdy. The Court **RECOMMITS** the excessive force claims against defendants Pittman, Fileccia, Chowhan, and Purdy to the magistrate judge for further proceedings.

The Court asks the Clerk to please mail a copy of this order to Mr. Gutierrez.

**DONE** and **ORDERED** this June 28, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE